UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARK B. BARTA,** | : | |
| | | Case No. 2:20-cv-1641 |
| **Plaintiffs,** | : | **JUDGE SARAH D. MORRISON** |
| | | **MAGISTRATE JUDGE VASCURA** |
| v. | : | |
| **MARK T. ESPER,** | : | |
| **Defendant.** | : | |

## OPINION AND ORDER

Plaintiff Mark Barta filed his Complaint against Defendant Mark Esper on March 31, 2020. (ECF No. 1.) Magistrate Judge Vascura issued a Show Cause Order pursuant to Fed. R. Civ. P. 4(m) on July 7, 2020 because Mr. Barta had yet to complete service on Mr. Esper. (ECF No. 9.) The Show Cause Order provided:

> Rule 4(m) provides in pertinent part as follows:
>
>> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.
>> Fed. R. Civ. P. 4(m).
>
> Because Plaintiff failed to timely serve Defendant, he is ORDERED to SHOW CAUSE WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER why the Court should not dismiss this action without prejudice for failure to effect service, and why the Court should allow an extension of time to effect service. Plaintiff must support any good cause showing with sworn affidavits or unsworn declarations in compliance with 28 U.S.C.§ 1746. Plaintiff is cautioned that failure to show cause may result in dismissal of this action without prejudice.

1

(ECF No. 9 at 1.)

Mr. Barta did not respond to the Show Cause Order, so Magistrate Vascura's July 22, 2020 Report and Recommendation ("R&R") recommends that the case be dismissed for failure to effect service under Rule 4(m) and for failure to prosecute under Fed. R. Civ. P. 41(b). (ECF No. 10.) Specifically, the R&R holds that Mr. Barta's failure to both timely serve Mr. Esper and to respond to the Show Cause Order despite a warning that dismissal could occur "constitute[s] bad faith or contumacious conduct" such that dismissal is warranted. *Id*. at 2 (citing *Steward v. Cty. of Jackson, Tenn*., 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal")).

Mr. Barta's July 29, 2020 Objection (ECF No. 11) to the R&R states that he did not receive the Show Cause Order until three days after the Order's July 21, 2020 response deadline (ECF No. 11 at 1-2.) He seeks an extension of that deadline. *Id*. The Court determines that an extension is not necessary because Mr. Barta effectively lodged his response to the Show Cause Order via his Objection to the R&R. Because Mr. Barta did not timely receive the Show Cause Order, however, he did not know about the Order's dismissal warning. For this reason, the Court will allow Mr. Barta forty-five days from the date of this Opinion and Order to effect service on Mr. Esper. Absolutely **NO FURTHER EXTENSIONS** for service purposes will be granted. Failure to effect service by this deadline **WILL RESULT IN DISMISSAL** of Mr. Barta's case **WITHOUT FURTHER NOTICE** for failure to serve and failure to prosecute. The Court notes that the Clerk has twice mailed Mr. Barta issued summons. (ECF Nos. 6, 8.)

3

Because the Court is granting Mr. Barta a **FINAL** extension to achieve service, his objections are **MOOT**. (ECF No. 11.)

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISION**
**UNITED STATES DISTRICT JUDGE**

3