UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK BLAIR BARTA,**

        **Plaintiff,**

    **v.**                            **Civil Action 2:20-cv-1641**
                                        **Judge Sarah D. Morrison**
                                        **Magistrate Judge Chelsey M. Vascura**

**MARK T. ESPER,**

        **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Objection to Magistrate Judge Orders re 17 Notation Order on Motion for Extension of Time to Answer & 19 Notation Order on Application to Enter Default (ECF No. 22) in which Plaintiff objects to two notation orders Magistrate Judge Vascura issued on December 2, 2020. Specifically, Plaintiff objects to Judge Vascura's Order granting Defendant's Motion for Extension of Time to File Answer (ECF No. 17), as well as her Order denying as moot Plaintiff's Application to Clerk for entry of default (ECF No. 19). For the reasons that follow, the Court **OVERRULES** Plaintiff's Objection.

## I.

Plaintiff commenced this action by filing a Complaint on March 31, 2020. (ECF No. 1.) When the docket did not reflect service on Defendant within the 90 days required by Federal Rule of Civil Procedure 4(m), the Magistrate Judge issued an Order for Plaintiff to show cause why the action should not be dismissed for failure to effect service, and why the Court should allow an extension of time to complete service. (ECF No. 9.) Plaintiff did not respond to the

Show Cause Order, and the Magistrate Judge accordingly issued a Report and Recommendation, recommending that Plaintiff's claims be dismissed for failure to effect service under Rule 4(m) and failure to prosecute under Federal Rule of Civil Procedure 41(b).  (ECF No. 10.)  Plaintiff timely objected to the Report and Recommendation, stating that he did not receive the Show Cause Order until three days after the response deadline.  (ECF No. 11.)  The Court exercised its discretion to afford Plaintiff a 45-day extension of time to complete service on Defendant.  (ECF No. 12.)  Plaintiff thereafter effected service on Defendant on September 8, 2020, making the deadline for Defendant to answer or otherwise respond to the Complaint at November 9, 2020. (ECF No. 13.)

Defendant failed to timely respond to the Complaint, and Plaintiff applied to the Clerk for an entry of Default on November 30, 2020.  (ECF No. 15.)  The next day, Defendant filed a motion for extension of time to file a Motion to Dismiss the Complaint *instanter*, which the Magistrate Judge granted by notation order on December 2, 2020, causing Defendant's Motion to Dismiss to be filed December 2, 2020.  (ECF Nos. 16–18.)  In light of Defendant's December 2, 2020 Motion to Dismiss, the Magistrate Judge issued another notation order denying Plaintiff's application for entry of default as moot.  (ECF No. 19.); *see also* Fed. R. Civ. P. 55.

Plaintiff represents that he did not receive copies of the December 2, 2020 Orders.  (Pl.'s Object. 1–2, ECF No. 22.)  According to Plaintiff, the Court should not have permitted Defendant an opportunity to respond to his Complaint because Defendant failed to show that "he was without fault" for missing the responsive pleading deadline.  (*Id.* at 2.)  Plaintiff further argues that "Defendant compounded the prejudice to the Plaintiff by filing his motion without investigation of the client agency."  (*Id.*)

## II.

When a magistrate judge issues a non-dispositive order, "[t]he district judge in the case must consider timely objections and set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P 72(a); *See also* 28 U.S.C. § 636(b)(1)(A). "The 'clearly erroneous' standard applies only to factual findings made by the [m]agistrate [j]udge, while her legal conclusions will be reviewed under the more lenient 'contrary to law' standard." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). A magistrate judge's factual finding is clearly erroneous only when, upon review of the evidence, the court "is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). *See also Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019). A magistrate judge's legal conclusions, on the other hand, are contrary to law when they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee,* 785 F. Supp. at 686 (internal quotations and citations omitted).

## III.

Plaintiff's undeveloped objections to the Magistrate Judge's Orders do not establish that the Orders are contrary to law. Of note, Plaintiff filed this action in March 2020, but failed to timely effect service. The Court afforded Plaintiff a significant extension of time to effect service, which he ultimately accomplished in September 2020. (*See* ECF Nos. 9, 10, 12, 13, 14). Plaintiff has identified, and the Court can discern, no prejudice Plaintiff will suffer from the at-issue three-week extension of time the Court allowed for Defendant to respond to the Complaint. Moreover, as a general rule, this Court prefers to decide a case on its merits. *See, e.g., Thacker v. City of Columbus*, 328 F.3d 244, 252 (6th Cir. 2003); *Leak v. Lexington Ins. Co.*, 641 F. Supp. 2d 671, 674 (S.D. Ohio 2009) In addition, this Court routinely grants such short extensions of time to file responsive pleadings and even permits the parties to stipulate, without Court

3

approval, to such extensions. *See* S.D. Ohio Civ. R. 6.1. Thus, it was not contrary to law for the Magistrate Judge to permit Defendant an extension of time to respond to Plaintiff's Complaint. As a result, the Magistrate Judge's denial of Plaintiff's application for entry of default as moot on grounds that Defendant had filed a response to Plaintiff's Complaint such that it was not in default under Federal Rule of Civil Procedure 55 was likewise not contrary to law.

## IV.

For the forgoing reasons, Plaintiff's Objection to Magistrate Judge Orders re 17 Notation Order on Motion for Extension of Time to Answer & 19 Notation Order on Application to Enter Default (ECF No. 22) is **OVERRULED**. Further, although the docket reflects that the Clerk mailed copies of ECF Nos. 17 and 19 to Plaintiff, based on Plaintiff's representations that he did not receive the documents, the Clerk is **DIRECTED** to mail an additional copy of each document to Plaintiff.

**IT IS SO ORDERED.**

_____/s/ Sarah D. Morrison_____
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE