IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK BLAIR BARTA, : CASE NO.: 20cv-1641

: JUDGE MORRISON

*Plaintiff,*

: MAGISTRATE VASCURA

v.

:

LLOYD J. AUSTIN III,

:

*Defendant.*

## OPINION AND ORDER

The substantive portion of *pro se* Plaintiff Mark Barta's Complaint provides as follows:

> The [P]laintiff is a GS-14 Federal employee at the Defense Finance and Accounting Service (DFAS) in Columbus, OH. The plaintiff was non-selected in 2012 for the GS-15 fiscal law/contract law position in violation of the EEOC laws as a result of his participation in EEO-protected vocal opposition to the discriminatory practices of DFAS, specifically the Office of General Counsel and participation in EEOC proceedings. This [C]omplaint is timely and the Plaintiff has exhausted his administrative remedies.

(ECF No. 1)(errors in original) Mr. Barta seeks promotion to the GS-15 level, back pay, reimbursement for training, and damages for emotional distress. *Id.* He names Mark Esper, the Secretary of Defense at the time the Complaint was filed, as the defendant. Mr. Lloyd J. Austin III is the present Secretary of Defense. Per Fed. R.

1

Civ. P. 25(d), Mr. Austin is automatically substituted for Mr. Esper and the case caption in this matter shall reflect that substitution going forward.

Defendant's resultant Federal R. Civ. P. 12(b)(6) Motion to Dismiss (ECF No. 18) argues that the Complaint fails to state a claim upon which relief can be granted. Specifically, Defendant argues that the Complaint does not delineate the basis for jurisdiction or for any claim with the specificity the Federal Rules of Civil Procedure require. *Id.*, PageID 72-73.

Plaintiff's Opposition (ECF No. 20) offers no clarification. Instead, it addresses previously resolved issues that are irrelevant to the instant motion. Of lone and potential import here is this sentence: "Defendant . . . prejudice[d] . . . the Plaintiff by filing his motion without investigation of the client agency." (ECF No. 20, PageID 76.)

Defendant's Reply responds to Plaintiff's irrelevant contentions while highlighting the fact that Defendant has no burden to investigate at this juncture. (ECF No. 21.)

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. Fed. R. Civ. P. 8(a)(2). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551

U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level' and to 'state a claim to relief that is plausible on its face.'" *Keys*, 684 F.3d at 608 (quoting *Twombly*, 550 U.S. at 555, 570). The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Applying that standard, as well as a liberal construction to Plaintiff's pleadings and filings given his *pro se* status, the Court believes that Plaintiff's Complaint attempts to assert a retaliation claim regarding his participation in EEOC proceedings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). The Court agrees with Defendant that a sufficient factual predicate for that claim is lacking but notes that dismissal is a "harsh remedy" and amendment is the preferred course. *Powell v. Morris*, 184 F.R.D. 591, 594 (S.D. Ohio 1998); *see also Guzowski v. Hartman*, 723 F.2d 909 (6th Cir. 1983) ("Ordinarily, a court confronted with a deficient pleading would grant leave to amend the complaint, since dismissal is a harsh sanction."). Hence, the Court will allow Plaintiff fourteen (14) days from the date of this Opinion and Order to file an Amended Complaint. **Failure to file an Amended Complaint by that deadline will result in Defendant's present motion to dismiss being granted and Plaintiff's case being terminated**. If an

3

Amended Complaint is filed by the noted deadline, the Defendant's instant motion to dismiss will be moot.

    **IT IS SO ORDERED**.

                                              /s/ Sarah D. Morrison
                                              **SARAH D. MORRISON**
                                              **UNITED STATES DISTRICT JUDGE**