UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK BLAIR BARTA,**

      **Plaintiff,**

  v.                                     Civil Action 2:20-cv-1641
                                                Magistrate Judge Chelsey M. Vascura

**LLOYD J. AUSTIN III,**
**Secretary, United States**
**Department of Defense,**

      **Defendants.**

## OPINION AND ORDER

      Plaintiff, Mark Blair Barta, brings this action against Defendant, Lloyd J. Austin, III, Secretary, United States Department of Defense, asserting that Defendant failed to hire Plaintiff due to Plaintiff's prior age discrimination complaints against Defendant. This matter, in which the parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c), is before the Court on Plaintiff's Motion for Reconsideration of the Court's March 18, 2022 Opinion and Order granting partial summary judgment in favor of Defendant. (ECF No. 40.) For the following reasons, Plaintiff's Motion is **DENIED**.

      The Court previously concluded that, although Plaintiff proffered direct and circumstantial evidence that his age-discrimination-based complaints were one of the reasons Defendant did not select him for a Supervisory Attorney Advisor position, Plaintiff could not establish that his complaints were the only reason he was not selected. Namely, although Plaintiff proffered evidence that he was not selected for an interview because of his opposition to

an office consolidation plan that Plaintiff contended would have a disparate impact on older employees, Defendant proffered unrebutted evidence that, even if Plaintiff had been interviewed, he would not have been selected for the position because he was less qualified than Frank Quinlan, the individual ultimately selected for the position. Therefore, Defendant was entitled to summary judgment on Plaintiff's single-motive retaliation claim under the Age Discrimination in Employment Act, 42 U.S.C. § 633a ("ADEA"), but Defendant was not entitled to summary judgment on Plaintiff's mixed-motive ADEA retaliation claim. (ECF No. 38.)

The Court further explained that, although Plaintiff might be able to establish liability on a mixed-motive claim,

> the available remedies in a mixed-motive case are heavily circumscribed compared to single-motive cases. Specifically, to obtain "reinstatement, backpay, compensatory damages, or other forms of relief related to the end result of an employment decision," a mixed-motive plaintiff "must show that age discrimination was a but-for cause of the employment outcome." *Babb* [*v. Wilkie*], 140 S. Ct. [1168,] 1177–78 [(2020)]. This distinction is necessary because the available remedies should place the plaintiff in the position he would have occupied in the absence of the impermissible discrimination or retaliation. *See id.* at 1178. If retaliation is not the but-for cause of Plaintiff's non-selection in 2012, then it cannot be said that Plaintiff would have been selected for the position (or even selected to interview for the position) in the absence of retaliation, and therefore to award Plaintiff the position, backpay, or compensatory damages would put Plaintiff "in a more favorable position than he or she would have enjoyed absent [retaliation]." *Id.* Instead, a federal-sector ADEA plaintiff who establishes liability for a mixed-motives claim can obtain only "injunctive or other forward-looking relief." *Id.*

(Op. & Order 18, ECF No. 38.)

Plaintiff's Motion seeks reconsideration of the Court's conclusion that he cannot establish that his ADEA-protected complaints were the but-for cause of his non-selection and that he is not entitled to the full range of relief under the ADEA. Plaintiff argues that his "non-selection occurred when he was not interviewed, and but-for [Defendant's] retaliation, [Plaintiff] would have been interviewed." (Pl.'s Mot. 2, ECF No. 40.) Plaintiff also argues that, because Mr. Quinlan was not the selectee at the time Defendant decided not to interview Plaintiff, and

2

because Mr. Quinlan was not even Defendant's first choice for the position, the comparison of Plaintiff's and Mr. Quinlan's qualifications are irrelevant. (*Id.*)

The undersigned construes Plaintiff's Motion as one to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). "A Rule 59(e) motion must present newly discovered evidence or clearly establish a manifest error of law." *D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016) (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007)). Here, Plaintiff has not identified any newly-discovered evidence. Further, Plaintiff appears to agree with the statutory framework and legal standards employed by the Court; he merely disagrees with the outcome reached by the Court under those standards. Reconsideration is therefore not warranted under Rule 59(e).

And even if reconsideration were warranted, Plaintiff's arguments are not persuasive. Although the Court found that Plaintiff offered evidence that his ADEA-protected complaints were the but-for cause of Plaintiff's non-selection for an *interview*, Plaintiff did not offer evidence that would allow the factfinder to conclude that those complaints were the but-for cause of Plaintiff's non-selection for the *position*. As emphasized by the United States Supreme Court in *Babb*, a successful mixed-motive plaintiff must be placed in no better than the position he would have occupied had the unlawful retaliation not occurred. At most, Plaintiff offered evidence that, absent Defendant's alleged unlawful retaliation, he would have been invited to *interview* for the position. But that does not mean he would have been *selected* for the position. Mr. Quinlan and other individuals were also interviewed. Plaintiff offered no evidence that Defendant would have selected him for the position after interviewing him and the other candidates. Indeed, Defendant presented unrebutted evidence that Plaintiff was less qualified than Mr. Quinlan, and if Mr. Quinlan was not even Defendant's first choice for the position,

3

there must have been additional candidates that were more qualified than Plaintiff. As Plaintiff did not establish a genuine issue of fact as to whether he was the most qualified applicant, he did not establish a genuine issue of fact as to whether Defendant would have selected him for the position absent the alleged unlawful retaliation.

Plaintiff further suggests that he should be afforded the opportunity "to prove that he would have been the selectee and that [Defendant's] after the fact justifications were in fact pretextual." (Pl.'s Mot. 2, ECF No. 40.) But Plaintiff had just such an opportunity to rebut Defendant's evidence that Mr. Quinlan was more qualified for the position when responding to Defendant's Motion for Summary Judgment, and Plaintiff declined that opportunity. Parties cannot use a Rule 59(e) motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued. *Roger Miller Music*, 477 F.3d at 395 (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case.")).

For the foregoing reasons, Plaintiff's Motion for Reconsideration (ECF No. 40) is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

4